**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DON and THELMA DILLON, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>STATE OF ARIZONA et al.,<br><br>　　　　　Defendants. | No. CV-08-0796-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Dkt. # 6.) The Court has also received Plaintiffs' Motions for Leave to File a Supplemental Response. (Dkt. ## 10, 12.)[1] For the following reasons, the Court grants in part and denies in part the Motion to Dismiss and denies the Motions for Leave to File a Supplemental Response.[2]

---

[1] Plaintiffs have filed the same motion twice, with the second containing a notice of errata. (*See* Dkt. ## 10, 12.) Thus, the Court will dispose of both motions on the same grounds.

[2] Plaintiffs have requested oral argument. The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

This case arises out of Defendants' removal of three foster children from Plaintiffs' care, the revocation of Plaintiffs' foster family license, and the subsequent reversal of those actions by the Appeals Board of the Arizona Department of Economic Security. (*See* Dkt. # 2 at 2-10.) Plaintiffs filed the Complaint underlying this case in Arizona Superior Court on December 20, 2007. (Dkt. # 2.) The Complaint advanced six causes of action: (1) negligence; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) defamation; (5) false light/invasion of privacy; and (6) violation of Plaintiffs' civil rights under 42 U.S.C. § 1983. (Dkt. # 2 at 10-15.) Defendants later removed the case to this Court pursuant to 28 U.S.C. § 1441. (Dkt. # 1 at 3.)

**JURISDICTION**

The Court has federal question jurisdiction over Plaintiffs' federal law claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

**DISCUSSION**

**I.   Legal Standard**

Defendants move to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 6 at 1.) That rule provides that a defendant may move to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[3]

---

[3] Both parties have attached documents outside the pleadings, but "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Therefore, the Court will not consider the extraneous material (which, in any event, is irrelevant in light of the parties' concessions in their motion papers). The Court may consider any document specifically referred to in the Complaint if its authenticity is not in question, *see Townsend v. Columbia Operations*, 667 F.2d 844, 848 (9th Cir. 1982), which is true of the notice of claims letter in this case (*see* Dkt. # 2 at 10). Therefore, the Court will consider the notice of claims letter itself.

A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the district court must assume that "all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). The Court may not assume, however, that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

However, in drafting a complaint, "[t]he federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Id.* at 249 (internal quotation omitted). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Analysis**

Defendants move to dismiss on two main grounds. First, Defendants assert that Plaintiffs' state law claims (Counts I-V) are barred for failure to comply with Arizona's notice of claims statute. (Dkt. # 6 at 2-3.) Second, Defendants assert that Plaintiffs' federal law claim (Count VI) is barred because Plaintiffs failed to allege sufficient facts in their Complaint. (Dkt. # 6 at 3-4.)

1
### A. State Law Claims

2 Defendants argue that all of Plaintiffs' state law claims must be dismissed for failure
3 to comply with Arizona's notice claims statute. (Dkt. # 6 at 2-3.) That statute provides that
4 all persons having a claim against a public entity or public employee must provide notice of
5 their claim within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A). The
6 notice of claim must contain "facts sufficient to permit the public entity or public employee
7 to understand the basis upon which liability is claimed" and must also contain "a specific
8 amount for which the claim can be settled and the facts supporting that amount." *Id.* The
9 notice of claims in any given case must be filed "with the person or persons authorized to
10 accept service for the public entity or public employee as set forth in the Arizona rules of
11 civil procedure." *Id.* If the claimant fails to timely file a proper notice of claims, the action
12 is barred. *See id.* Defendants argue statutory non-compliance as to all Defendants.

13
#### 1. Individual Defendants

14 With respect to the individual government employees, Defendants assert that they
15 were never served and thus that all state law claims against them are barred. (Dkt. # 6 at 2-
16 3.) "A claimant who asserts that a public employee's conduct giving rise to a claim for
17 damages was committed within the course and scope of employment must give notice of the
18 claim to *both the employee individually* and to his employer." *Crum v. Superior Court*, 186
19 Ariz. 351, 352, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (emphasis added).

20 Plaintiffs do not dispute that they failed to send the notice to any Defendant other than
21 the State of Arizona. (*See* Dkt. # 7 at 3.) Plaintiffs argue that service by mail, rather than
22 personal service, is sufficient (*id.*), but Plaintiffs concede that they did not mail notice to the
23 individual Defendants; they only mailed notice to the Risk Management division of the
24 Arizona Department of Administration (*see id.*). Thus, even if Plaintiffs are correct,
25 Plaintiffs still failed to give notice *to the individual employees* as required in the notice of
26 claims statute. Defendants' state law claims against those employees are therefore barred
27 and are dismissed.

28
#### 2. State of Arizona

- 4 -

1     With respect to the State of Arizona, Defendants assert that Plaintiffs were required, 2 and failed, to serve the notice of claims upon the Arizona Attorney General's Office pursuant 3 to Arizona Rule of Civil Procedure 4.1(h). (Dkt. # 6 at 3.) That rule provides that "service 4 upon the state shall be effected by delivering a copy of the summons and of the pleading to 5 the attorney general." Ariz. R. Civ. P. 4.1(h). Service upon an entity that is merely related 6 to the entity tasked with receiving service under the Arizona Rules of Civil Procedure does 7 not satisfy the statute's service requirements – even if the service resulted in actual notice to 8 the entity tasked with receiving service. *See Falcon* ex rel. *Sandoval v. Maricopa County*, 9 213 Ariz. 525, 530-31, ¶¶ 27-34, 144 P.3d 1254, 1259-60 (Ariz. 2006) (holding that plaintiffs 10 who sued a county, and therefore were required to serve their notice of claims letter on either 11 the county's clerk or CEO (its board of directors), failed to satisfy the notice of claims statute 12 by serving only one member of the board of directors – even though it was that board 13 member's office policy to forward such letters to the county clerk).

14     Plaintiffs do not dispute that they failed to comply with Rule 4.1(h). (*See* Dkt. # 7 at 15 3-5.) Rather, Plaintiffs argue that Defendants have waived any objection on this point 16 because the State of Arizona's Risk Management division accepted the notice of claims, 17 opened an investigation, and asked for additional information. (*Id.* at 4.) For that 18 proposition, Plaintiffs rely solely on an unreported decision, *Trojanovich v. City of Globe*, 19 No. CV-06-421, 2006 WL 2547337, at *5 (D. Ariz. Aug. 28, 2006) ("[I]t appears that 20 Plaintiff's notice of claim was considered and rejected on behalf of the City and its 21 employees without any objection to service or notice. Defendants therefore appear to have 22 waived any complaint about lack of proper service or notice.").

23     *Trojanovich*, however, based its waiver conclusion on *Young v. City of Scottsdale*, 970 24 P.2d 942, 946 (Ariz. Ct. App. 1999) ("[T]he City waived any complaint about service of 25 process when it referred the matter to a claims adjuster, who considered and denied the claim 26 without objecting to the service of process."). *Young*, which accepted a reasonableness 27 standard for satisfying the notice of claims statute, *see id.*, has since been overruled by the 28 Arizona Supreme Court, *see Deer Valley Unified Sch. Dist. v. Houser*, 214 Ariz. 293, 152

1 P.3d 490 (Ariz. 2007). *Deer Valley* rejected *Young*'s conclusion that reasonable or
2 substantial compliance with the terms of the notice of claims statute was sufficient, *id.* at 299,
3 ¶ 21, 152 P.3d at 496, and explicitly held that "'[a]ctual notice and substantial compliance
4 do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A),'"
5 *id.* ¶ 22 (quoting *Falcon*, 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256). Because *Trojanovich*
6 was based on *Young*, and because the reasoning of *Young* was predicated upon an
7 interpretation of the notice of claims statute that has since been disavowed, Plaintiffs have
8 failed to provide this Court with sufficient authority to find waiver in this instance.

9 Plaintiffs argue, in their request to file a supplemental response, that the Arizona Court
10 of Appeals' recent decision in *Backus v. State*, Nos. 1 CA-CV 07-0640, 1 CA-CV 07-0671,
11 2008 WL 2764601 (Ariz. Ct. App. July 17, 2008), handed down after the briefing in this case
12 concluded, reinvigorates the reasoning of *Young* (and therefore the holding of *Trojanovich*).
13 (*See* Dkt. # 12 Ex. 1 at 2-5.) However, *Backus* noted that the notice of claims in *Deer Valley*
14 was found deficient only on the "specific amount" requirement, 2008 WL 2764601, at *4,
15 and opined that *Deer Valley*'s statements about the "facts supporting that amount"
16 requirement only disposed of those situations in which a notice of claims provides no facts
17 that support the proposed settlement amount, *id.* at *5. None of those conclusions, however,
18 in any way affects *Deer Valley*'s explicit rejection of a substantial or reasonable compliance
19 interpretation of the notice of claims statute. *Deer Valley* "expressly disapprove[d] of the
20 *analysis* in *Young*," 214 Ariz. at 297, ¶ 12, 152 P.3d at 494 (emphasis added), and stated that
21 the current notice of claims statute was intended "to establish *specific requirements* that *must*
22 *be met* for a claimant to file a valid claim with a government entity," *id.* at 299, ¶ 21, 152
23 P.3d at 496 (emphases added). That is why the Arizona Supreme Court stated squarely that
24 "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory

1 requirements of A.R.S. § 12-821.01(A)." *Id.* ¶ 22. *Backus* does not alter that
2 pronouncement, and therefore Plaintiffs' argument fails.[4]

3 The Court therefore dismisses Plaintiffs' state law claims against the State of Arizona
4 because Plaintiffs admit that they did not comply with the service requirements of the notice
5 of claims statute.[5]

### 3. State Agencies

7 With respect to the state agencies, Defendants assert that they are non-jural entities
8 not subject to suit in their own names, and thus that Plaintiffs' state law claims against them
9 must be dismissed.[6] (Dkt. # 6 at 3.) Plaintiffs do not respond to this argument at all. (*See*
10 Dkt. # 7.) Therefore, Plaintiffs are deemed to have consented to Defendants' argument under
11 the local rules. *See* LRCiv 7.2(i), (b), (c); *see also Currie v. Maricopa County Cmty. College*

---

[4] A number of state and federal courts in Arizona have recognized this principle as the import of *Deer Valley* and applied it in various situations. *See, e.g.*, *City of Phoenix v. Fields*, No. 1 CA-SA 07-0152, 2008 WL 1796039, at *7 (Ariz. Ct. App. Apr. 22, 2008) (providing "[t]hat a governmental body may have information that would help claimants calculate their damages does not relieve claimants of the statutory requirement that the notice of claim contain the 'facts supporting that amount,'" and explaining that the argument to the contrary "is the same sort of 'substantial compliance' rationale . . . that has been superseded by the strict requirements of A.R.S. § 12-821.01"); *Nored v. City of Tempe*, No. CV 08-00008, 2008 WL 2561905, at *5-6 (D. Ariz. June 26, 2008) ("[T]he doctrines of substantial compliance and actual notice of a claim may not be applied to allow a suit to proceed when a plaintiff has not strictly complied with the substantive terms of the statute. . . . The Court concludes that compliance with the substantive terms of Arizona's notice of claim statute is not susceptible to the theories of actual notice, substantial compliance, or waiver for impossibility.").

[5] The Court has only addressed the waiver argument advanced by Plaintiffs. The Court does not decide whether waiver is available under any other argument regarding different authority, as the Court will only consider arguments that are actually advanced by the parties. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, ___ n.9 (9th Cir. 2008) (holding that where an issue is neither raised nor briefed by the parties, a court has no occasion to consider it).

[6] Defendants only advance this argument in the context of Plaintiffs' state law claims. (*See* Dkt. # 6 at 3.) Therefore, the Court's ruling on this point does not extend to Plaintiffs' federal law claim..

1  *Dist.*, No. CV-07-2093, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff
2  does not respond to this argument, and her failure to do so serves as an independent basis
3  upon which to grant [the] motion[.]") (citing LRCiv 7.2(i)); *E.E.O.C. v. Eagle Produce,*
4  *L.L.C.*, No. CV-06-1921, 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must
5  come forward with their points and authorities in support of or in opposition to a motion.")
6  (citing LRCiv 7.2(b), (c)). The Court expresses no opinion on the substance of Defendants'
7  argument.

### B. Federal Law Claim

Defendants' final argument is that the allegations in Plaintiffs' complaint are too vague and conclusory to state a claim for relief.[7] (Dkt. # 6 at 4.) As a general matter, Plaintiffs' complaint is some fifteen pages long, ten of which (comprising sixty-three paragraphs) are dedicated to alleging the facts of the case. (*See* Dkt. # 2.) The Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirement of "a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan*, 108 F.3d at 248 (quoting Fed. R. Civ. P. 8(a)).

Defendants advance two specific arguments against the Complaint. Defendants first argue that Plaintiffs did not identify "what property and liberty interests they were deprived of." (Dkt. # 6 at 4.) However, Plaintiffs did allege that Defendants' actions interfered with their present and future familial relationships. (Dkt. # 2 at 9.) Plaintiffs then specifically stated that Defendants' actions deprived them of "due process of law under the Fourteenth Amendment to the U.S. Constitution." (*Id.* at 13.) Defendants do not contest that there is a liberty interest applicable to familial relationships, *see Prince v. Massachusetts*, 321 U.S.

---

[7]Defendants argue that the Court cannot consider allegations made outside Count VI because they are part of Plaintiffs' state law claims (Counts I-V). (Dkt. # 6 at 3.) However, Plaintiffs incorporated by reference all of the facts from the preceding paragraphs at the beginning of Count VI, re-alleging them as if independently set forth therein. (*See* Dkt. # 2 at 13.) Therefore, all of the facts from the preceding paragraphs are available for consideration in the context of Plaintiffs' § 1983 claim.

1  158, 166 (1944), and the precise scope of that interest is not properly before this Court.[8]
2  Thus, Defendants' objection on this point fails.

3  Defendants also argue that Plaintiffs did not identify the nature of the alleged
4  conspiracy to violate Plaintiffs' civil rights. (Dkt. # 6 at 4.) However, Plaintiffs alleged that
5  the conspiracy was "[i]n retaliation [for] Plaintiffs' complaints of inadequate and absent
6  services being provided to the three boys and in retaliation [for] Plaintiffs' complaints of
7  incompetence and lack of cooperation with respect to the services Defendants[] advised,
8  knew[,] and understood the boys needed." (Dkt. # 2 at 13.) Plaintiffs laid out the facts
9  underlying those allegations at length earlier in the Complaint, including their interactions
10 with the various individuals and agencies involved, the actions of those agencies and
11 individuals in removing and keeping the children from Plaintiffs' home, and the asserted
12 absence of any legitimate reason for Defendants' actions. (*See* Dkt. # 2 at 4-10.) Plaintiffs
13 specifically alleged that Defendants had "the ultimate goal of fabricating a basis for the
14 removal of the children." (Dkt. # 2 at 9.) Defendants' argument is therefore unavailing.

15 In light of the "powerful presumption against rejecting pleadings for failure to state
16 a claim," *Gilligan*, 108 F.3d at 249 (internal quotation omitted), the Court concludes that
17 Plaintiffs' Complaint provided "sufficient allegations to put defendants fairly on notice of
18 the claims against them," *McKeever*, 932 F.2d at 798. Therefore, dismissal of Plaintiffs'
19 federal law claim is inappropriate.

**CONCLUSION**

21 Because Plaintiffs failed to satisfy the requirement of Arizona's notice of claims
22 statute as to all of the Defendants, all of Plaintiffs' state law claims must be dismissed.

---

24 [8] For the first time in their reply, Defendants raise arguments about the scope of the
25 due process rights, administrative immunities, and liberty interests present here, including
   the argument that sufficient due process was afforded by the post-removal appellate process.
26 (Dkt. # 8 at 6-7.) It is improper, however, for a court to consider issues raised for the first
27 time in a reply, *see In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005), for the obvious reason that
   the opposing part has no opportunity to address those issues. Therefore, the Court will not
28 consider those arguments.

Because Plaintiffs' Complaint alleged sufficient facts to state a claim under § 1983, Plaintiffs' federal law claim is not dismissed.

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. # 6) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Leave to File a Supplemental Response (Dkt. ## 10, 12) are **DENIED**.

DATED this 17th day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 10 -