**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don and Thelma Dillon, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>State of Arizona; et al.<br><br>    Defendants. | No. CV 08-796-PHX-DGC<br><br>**ORDER** |

Plaintiffs Don and Thelma Dillon filed a complaint in Arizona Superior Court on December 20, 2007, asserting five tort claims under Arizona law and violation of Plaintiffs' civil rights under 42 U.S.C. § 1983. In their complaint, Plaintiffs claimed that Defendants unlawfully removed three brothers from their foster care by, among other things, failing to provide them with adequate notice. Defendants removed the case to this Court and filed a motion to dismiss. The Court dismissed Plaintiffs' state law claims for failure to comply with Arizona's notice of claims statute. Doc. 6; Doc. 17 at 4-7.

On October 14, 2008, Plaintiffs filed a motion for partial summary judgment on the only remaining cause of action, violation of § 1983. Doc. 14. The Court denied the motion because there were questions of fact as to whether Defendants "were compelled to conduct the removal without notice . . . out of concern for potential harm to the brothers" and whether Plaintiffs "were prospective adoptive parents" under applicable law. Doc. 39 at 7-8.

1    On November 6, 2009, Defendants filed a motion for summary judgment on Plaintiffs'
2 remaining claims. Doc. 60. The Court granted the motion in part and denied it in part. Doc.
3 73. The Court denied summary judgment on Plaintiffs' § 1983 claim against Defendants
4 Michelle Heermans and Eric Hobson, but granted summary judgment to Defendants on all
5 other claims. *Id.* at 12.

6    The only claim currently pending is the § 1983 claim against Defendants Heermans
7 and Hobson. The claim is that Defendants violated Plaintiffs' due process rights under the
8 Fourteenth Amendment by removing the brothers from Plaintiffs' foster care without prior
9 notice or a hearing. *Id.* at 12. Plaintiffs contend that they had a liberty interest in
10 maintaining their relationship with the three brothers based on the United States Constitution
11 and Arizona law. At summary judgment, the Court held that "Plaintiffs have no liberty
12 interest in keeping foster children based on the Constitution or federal law," but noted that
13 Plaintiffs might be able to show a liberty interest based on state law. Doc. 73 at 5-6. As a
14 result, the only liberty interest, if any, that Plaintiffs had in maintaining their relationship
15 with their foster children arose out of Arizona law.

16    On June 29, 2010, in light of issues raised in the parties' proposed final pretrial order,
17 the Court directed the parties to brief four issues: (1) Defendants' legal argument that
18 Plaintiffs can prove no liberty interest because a liberty interest can be created only by state
19 substantive law, not state procedural law; (2) Defendants' legal argument that they are
20 entitled to qualified immunity because the alleged liberty interest was not "clearly
21 established" at the time of the relevant events in this case; (3) Defendants' legal argument
22 that the post-removal process afforded Plaintiffs satisfied due process; and (4) whether
23 Defendants waived their right to raise issues (1)-(3) by failing to assert them in their motion
24 for summary judgment.

25    The Court has reviewed the briefing on issues (1)-(4) and finds that these issues are
26 legal issues proper for determination by the Court. For reasons discussed below, the Court
27 finds that Defendants have not waived their right to raise these arguments. The Court further
28

finds that the liberty interest alleged by Plaintiffs was not "clearly established" at the time of the relevant events in this case. As a result, Defendants are protected by qualified immunity, and Plaintiffs' only remaining claim must fail.[1]

**I.    Waiver.**

The first question before the Court is whether Defendants waived their right to raise issues (1)-(3) by failing to raise them in their summary judgment motion. Defendants argue that they did not waive their right to raise these issues because they have consistently claimed that Plaintiffs had no liberty interest in their relationship with the foster children, that qualified immunity applies to protect Defendants, and that Defendants provided Plaintiffs with sufficient due process. Doc. 114 at 9-12. Defendants further note that they "are aware of no rule or requirement that a Defendant must file a summary judgment motion on every potentially dispositive issue." *Id.* at 12. They argue that if this case goes to trial, Plaintiffs still have the burden of proving a constitutional violation, and Defendants have the right to present evidence and make arguments in opposition to Plaintiffs' claim. *Id.*

Plaintiffs argue that Defendants cannot make arguments (1)-(3) now because they made them and similar arguments in their summary judgment motions. Plaintiffs argue that the Court, by allowing Defendants to present these arguments now or at trial, would merely be allowing a motion for reconsideration, which is not proper. *Id.* at 11-12 ("Defendants' inclusion of these arguments in the pretrial memorandum was improper as this court had previously considered and rejected these arguments. Revisiting these arguments is nothing more than a motion for reconsideration."). The Court disagrees.

Defendants did not argue issues (1), (2), or (3) in their summary judgment motion. *See* Doc. 60. They argued several similar points, but they did not actually argue – nor did the Court decide – issues (1)-(3). *See id.* at 7 (Defendants arguing an issue similar to issue

---

[1] Because the Court finds that Plaintiffs' only remaining claim must fail because Defendants are entitled to qualified immunity, the Court will not consider Defendants' other two arguments.

- 3 -

(1) – that the possession of a foster care license is not a constitutionally protected liberty interest under the Fourteenth Amendment); *id.* at 14 (Defendants arguing an issue similar to issue (2) – that they were entitled to qualified immunity because they relied on the judgment of specialists); *id.* at 6 (Defendants arguing an issue similar to issue (3) – that Plaintiffs received appropriate process for the revocation of their foster care license). The Court agrees that Defendants could have made arguments (1)-(3) in their summary judgment motion. But the fact that Defendants neglected to make these arguments does not mean that they waived the arguments for trial. Indeed, Plaintiffs have pointed to no authority – and the Court knows of none – holding that a defendant waives a right to argue a point of fact or law at trial if he neglects to raise it in a summary judgment motion.

The Court further finds that Defendants are not asking for reconsideration of the Court's summary judgment ruling. As discussed above, Defendants did not make arguments (1)-(3) in their summary judgment motion and, as a result, the Court has not yet ruled on these arguments.[2]

The Court requested briefing on issues (1)-(4) because they are legal issues that are proper for resolution by the Court. Moreover, they are issues that may obviate the need for a trial.

## II. Clearly Established Law.

Defendants contend that they are protected from Plaintiffs' § 1983 claim because they are entitled to qualified immunity for their actions. Qualified immunity protects a defendant from liability when the official did not contravene clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 644-45 (1987). The question of whether qualified immunity applies is a three-step process. First, the plaintiff must make a *prima facie* showing that the

---

[2] Plaintiffs point out that they moved for reconsideration of the Court's order granting Defendants' motion for summary judgment in part, and note that the Court denied that motion summarily on the ground that it was untimely. Doc. 75. They argue that the Court, by accepting what is, in effect, an untimely motion for reconsideration by Defendants, would be acting unfairly. As discussed above, however, the Court does not consider the court-ordered briefing on these issues from Defendants to be a motion for reconsideration.

- 4 -

1 | defendant violated his constitutional rights. *See Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, if the plaintiff proves a constitutional violation, the plaintiff must prove that the law was clearly established. *See Saucier*, 533 U.S. at 201. If the Court determines that the law was not clearly established, the defendant is entitled to qualified immunity. If the Court determines that the law was clearly established, the Court then must determine whether, based on the circumstances, the defendant made a reasonable mistake regarding what the law required. *See Saucier*, 533 U.S. at 205; *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007). If the Court finds a reasonable mistake, the defendant is entitled to qualified immunity.

The Supreme Court and Ninth Circuit have made clear that the Court can decide whether the claimed constitutional right was clearly established without first determining whether the right was violated. *See James v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010) (citing *Pearson v. Callahan*, — U.S. — , 129 S.Ct. 808, 818 (2009)). The Court therefore will first consider whether the constitutional right claimed by Plaintiffs was clearly established. Plaintiffs bear the burden "of proving that the rights [they] claim[] were clearly established at the time of the alleged violation." *Robinson v. York*, 566 F.3d 817 (9th Cir. 2009) (internal quotation and citation omitted).

As this Court has previously noted, Plaintiffs had no liberty interest in keeping foster children based on the U.S. Constitution or federal law. Doc. 73 at 5-6. As a result, the only liberty interest that could have been clearly established is one based on state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462-63 (1989) (state can create a liberty interest by enacting a statute that establishes substantive predicates to govern official decisionmaking and uses explicitly mandatory language).

For such a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. Plaintiffs note that in order for this Court to find that the law was clearly established, "we need not find a prior case with identical, or even

materially similar, facts," but instead must "determine whether the preexisting law provided the defendants with fair warning that their conduct was unlawful." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1136-37 (9th Cir. 2003) (internal quotations and citation omitted). Plaintiffs argue that Defendants had a clear and fair warning that their conduct was unconstitutional based on A.R.S. § 8-515.05 and *Smith v. Organization of Foster Families for Equality and Reform*, 431 U.S. 816 (1977). The Court does not agree.

The Court cannot find that *Smith* put Defendants on notice that they would deprive Plaintiffs of their due process rights if they removed the foster children without notice. Doc. 115 at 7. As the Court stated in its previous order, the Supreme Court in *Smith* "never decided the question of whether foster parents have a distinct liberty interest in foster relationships." Doc. 39 at 8. *Smith* therefore did not notify Defendants that removing the children without notice would be unlawful. Moreover, in several other cases, the Ninth Circuit has declined to recognize a liberty interest in foster parents' continuing relationship with foster children. *Gibson v. Merced County Dep't of Human Res.*, 799 F.2d 582, 587-88 (9th Cir. 1986); *Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985). The Court accordingly cannot find that any Ninth Circuit or Supreme Court cases put Defendants on notice that their conduct would violate Plaintiffs' constitutional rights.

Nor can the Court find that A.R.S. § 8-515.05 provided such notice. The statute generally provides that CPS must "inform the licensed foster parent of [its] intent to remove a child and place the child in another foster care placement." Plaintiffs argue that this statute created a liberty interest in a continuing relationship with their foster children and that the statute was sufficient to inform Defendants that violating it would also mean they were violating Plaintiffs' right to due process of law. But Plaintiffs have failed to cite any authority suggesting that A.R.S. § 8-515.05 created a liberty interest in foster family relationships. While it is true that a state statute can give rise to a liberty interest in certain circumstances, the Court cannot find that Defendants were on notice of any liberty interest created by A.R.S. § 8-515.05.

The vast majority of the cases cited by Plaintiffs and Defendants consider laws pertaining to conditions of confinement in prisons, not laws pertaining to foster families. *See Ky. Dep't of Corr.*, 490 U.S. at 462-63 (court finding that Kentucky prison regulations did not give inmates a liberty interest in receiving visitors); *Sandin v. Conner*, 515 U.S. 472, 483-84 (1985) (court holding that Hawaii's prison regulation did not afford prisoner a protected liberty interest that would entitle him to procedural protections before being sentenced to disciplinary segregation); *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (court holding that Hawaii's prison regulations did not create a liberty interest in avoiding an interstate prison transfer); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983) (court holding that Pennsylvania statute conferred a protected liberty interest in remaining in the general prison population); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 466 (1981) (holding that a Connecticut practice of granting commutations to most life inmates was not sufficient to create a protectable liberty interest); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (court finding that state law did not confer a due process right in connection with a prisoner's transfer); *Carver v. Lehman*, 558 F.3d 869, 872-73 (9th Cir. 2009) (court finding that a Washington statute did not create a liberty interest in early release for certain offenders); *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) (court holding that a California statute giving an accused the right to two defense attorneys in a capital case did not create a due process right); *Smith v. Sumner*, 994 F.2d 1401, 1405 (9th Cir. 1993) (consent decrees can create liberty interests for inmates). These cases are not sufficiently similar to Plaintiffs' situation to put Defendants on notice that a statute governing removal of foster children would create due process rights that could be violated by the removal of children without notice.

Only three cases cited by the parties address the question of whether a state statute unrelated to prison conditions can confer a liberty interest: *James v. Rowlands*, 606 F.3d 646 (9th Cir. 2010); *McLaughlin v. Pernsley*, 693 F. Supp. 318 (E.D. Pa. 1988); *Long v. Holtry*, 673 F. Supp. 2d 341 (M.D. Pa. 2009). These cases do not convince the Court that there was a clearly established due process right at the time Defendants acted in this case.

In *James*, the plaintiff brought a § 1983 action against several CPS officials on the ground that they violated his procedural due process rights by failing to notify him when they took his daughter into temporary custody. He argued that two California statutes required the CPS officials to notify him of taking his daughter into custody and that a failure to comply violated his right to due process. The Ninth Circuit held that the statutes, while requiring notice, did not "establish any substantive predicates or mandate any outcomes," and, as a result, did not create a due process right. "[W]hen a state establishes procedures to protect a liberty interest that arises from the Constitution itself – like a parent's liberty interest here – the state does not thereby create a new constitutional right to those procedures themselves, and non-compliance with those procedures does not necessarily violate the Due Process Clause." *James*, 606 F.3d at 657.

*Long* was decided in 2009 – well after the removal of the boys from Plaintiff's custody in 2005 – and therefore could not have established the right on which Plaintiffs rely. *Long* and *McLaughlin* did hold that state statutes regarding the removal of foster children conferred a due process right on foster parents, but both cases dealt with Pennsylvania statutes and were decided under Third Circuit law. The Court simply cannot conclude that decisions based on Pennsylvania and Third Circuit law, one of which was decided four years after the events in this case, clearly established a constitutional right under A.R.S. § 8-515.05. The Pennsylvania decisions are too remote in time and subject matter to have placed reasonable Arizona officials on notice that their removal of the boys in this case would violate due process.

Because the right claimed by Plaintiffs was not clearly established, Defendants are entitled to qualified immunity. *Anderson*, 483 U.S. at 644-45. Judgment must therefore be entered in favor of Defendants as a matter of law on the only remaining claim in this case.

**IT IS ORDERED**:

1. Judgment is entered in favor of Defendants.

2. The Clerk of Court shall terminate this action.

DATED this 18th day of August, 2010.

David G. Campbell
United States District Judge